```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -:
JUAN Y. SHENG,                        : 09 Civ. 10397 (JSR) (JCF)
                                      :
          Plaintiff,                  :      REPORT AND
                                      :      RECOMMENDATION
     - against -                      :
                                      :
TIME WARNER CABLE OF NEW YORK CITY,   :
a Division of Time Warner             :
Entertainment Co., LP, a Delaware     :
limited partnership,                  :
                                      :
          Defendant.                  :
- - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE JED S. RAKOFF, U.S.D.J.:

Juan Y. Sheng brings this employment discrimination action pro se against her former employer, Time Warner Cable of New York City, a division of Time Warner Entertainment Co., LP ("Time Warner"). She alleges violations of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as well as breach of contract and promissory estoppel under state law. The defendant has moved to dismiss the ADA and Title VII claims on the basis of res judicata and to dismiss the contract claim for failure to plead adequately the existence of a contract. The plaintiff has cross-moved for leave to amend the complaint to add a claim for unjust enrichment.[1] For the reasons that follow, I recommend that the defendant's motion be granted and the plaintiff's cross-motion be denied.

---

[1] Although Ms. Sheng did not submit a notice of motion, she articulated a request for leave to amend in her response to the defendant's motion.

1

Background

On July 11, 2008, Ms. Sheng filed an employment discrimination claim against Time Warner with the New York State Division of Human Rights (the "DHR"). (Determination and Order After Investigation ("DHR Order"), attached as Exh. 1 to Amended Verified Petition in the Supreme Court of New York ("Pl. State Pet."), attached as Exh. 3 to Affirmation of Kristina C. Hammond dated February 18, 2010 ("Hammond Aff.")). Because of a prior agreement between the DHR and the New York District Office of the Equal Employment Opportunities Commission (the "EEOC"), the claim was deemed filed with the EEOC at the same time that it was filed with the DHR. (Complaint ("Compl."), ¶ 5).

In her DHR filing, the plaintiff alleged that after she took a medical leave of absence, Time Warner both discriminated against her and retaliated against her by re-employing her at a lower pay scale than when she left and by requiring her to walk long distances despite a physical disability that makes walking difficult for her. (DHR Order at 1-3). On March 24, 2009, the DHR found no probable cause to support Ms. Sheng's allegations. (DHR Order at 1). The EEOC adopted the DHR's finding on September 24, 2009, dismissed Ms. Sheng's claim, and notified her that she could pursue her case in state or federal court. (EEOC Dismissal and Notice of Rights ("EEOC Order"), attached as Exh. 1 to Compl.).

On May 21, 2009, the plaintiff filed a Petition for review of the DHR's decision pursuant to Section 298 of New York Executive Law (the "Petition") in New York State Supreme Court, Queens

County. (Declaration of Juan Y. Sheng dated April 2, 2010 ("Sheng Decl."), ¶ 3; Pl. State Pet., ¶ 4).[2] It was after this filing that Ms. Sheng's EEOC claim was dismissed, and she then decided to pursue her suit in federal rather than state court. (Sheng Decl., ¶ 4). Accordingly, on October 12, 2009, the plaintiff, represented by counsel, entered into a stipulation with Time Warner and the DHR voluntarily discontinuing the Petition with prejudice. (Stipulation of Discontinuance ("Stipulation"), attached as Exh. 1 to Hammond Aff.). In accordance with the stipulation, the Supreme Court dismissed the Petition as moot on December 8, 2009. (Short Form Order, attached at Exh. 2 to Hammond Aff.).

On December 22, 2009, Ms. Sheng filed this suit, accusing the defendant of the same allegedly discriminatory employment practices. She claims that Time Warner violated the ADA when it did not provide a reasonable accommodation for her disability, refused to reinstate her to her previous position within the company, and terminated her employment. (Compl., ¶¶ 53-54). Further, she alleges that the defendant's actions constitute discrimination on the basis of race and national origin under Title VII. (Compl., ¶ 56). She also asserts that Time Warner retaliated against her for requesting accommodation for her disability. (Compl., ¶ 58). In addition to her three federal claims, the plaintiff has asserted two pendent state claims for breach of an employment contract and for promissory estoppel. (Compl., ¶¶ 62,

---

[2] Although the plaintiff states that she initiated "an Article 78 proceeding" (Sheng Decl., ¶ 3), the court documents indicate that the Petition was filed pursuant to Section 298.

65-71). She now seeks leave to amend her complaint to omit the estoppel claim and assert a new claim of unjust enrichment. (Memorandum of Law in Opposition to Defendant's Motion to Dismiss ("Pl. Memo.") at 2, 10).

Discussion

    A.   Motion to Dismiss

        1.   Legal Framework

In considering a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam); Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). A complaint need not contain detailed factual allegations, but must contain more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action. Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S. Ct. 1937, 1949-50 (2009) (citing Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007)).

Complaints drafted by pro se litigants are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Boykin v. KeyCorp, 521 F.3d 202, 213-14 (2d Cir. 2008) (citing Erickson, 551 U.S. at 94). In fact, pleadings of a pro se party should be read "to raise the strongest arguments that they suggest." Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Dismissal of a pro se complaint is

4

nevertheless appropriate where a plaintiff has clearly failed to meet minimum pleading requirements.  See Rodriguez v. Weprin, 116 F.3d 62, 65 (2d Cir. 1997).

On a motion to dismiss, the court is generally limited to reviewing the allegations in the complaint and documents attached to it or incorporated by reference.  See Chambers v. Time Warner, Inc., 282 F.3d 147, 152-54 (2d Cir. 2002).  The court may also consider documents necessarily relied upon by the plaintiff in drafting the complaint.  Id. at 153-54.

B.  Res Judicata

A state court determination precludes the pursuit of subsequent federal claims if the determination would be preclusive in the state court that issued it.  Kremer v. Chemical Construction Corp., 456 U.S. 461, 466-67, 485 (1982); Harris v. Beth Israel Medical Center, No. 09-1416-cv, 2010 WL 605743, at *1 (2d Cir. Feb. 22, 2010).  In Harris, the plaintiff filed a suit in New York state court alleging violations of the ADA.  Harris, 2010 WL 605743, at *1.  The case concluded when the parties stipulated to a dismissal with prejudice.  Id.  Ms. Harris subsequently filed suit based on the same events in this Court.  Id. at *1-2.  The trial court dismissed the plaintiff's federal claim as precluded by res judicata, and the Second Circuit affirmed, noting that where

> the stipulation contained [no] language that reserved [the plaintiff's] right to pursue related claims in the future or that otherwise limited the scope of the stipulation's preclusive effect[, t]he only question on appeal[] is whether the claims raised in Harris's federal complaint arise from the same transaction as the claims raised in her state complaint.

Id. at *1.[3]

The plaintiff argues that a state court action cannot preclude a subsequent federal action unless the state action included judicial review of the claim on its merits. (Pl. Memo. at 3-4). She cites University of Tennessee v. Elliott, 478 U.S. 788 (1986), in which the Supreme Court held that a state administrative action does not preclude federal claims. But the rule in Elliott only applies in cases where the plaintiff's state proceeding consisted of unreviewed administrative fact finding, and not in cases, such as Ms. Sheng's, where the plaintiff's previous action concluded in state court. Bray v. New York Life Insurance, 851 F.2d 60, 62-63 (2d Cir. 1988). Furthermore, the federal interest in allowing Title VII claims to be reviewed on their merits "does not create an exception to the established rule . . . that requires federal courts to give preclusive effect to state court judgments whenever the courts of that state would do so." See id. at 62 (citation omitted). "Once a plaintiff has entered the state court system, she is bound by the preclusion rules governing that system, and the federal courts in turn must respect the finality of the judgments that issue from the state court." Id. at 64. The issue for this

---

[3] Although Harris' holding clearly controls here, the effect of the stipulation in this case might have been different if the federal claim were already pending at the time that the parties agreed to discontinue the state proceeding with prejudice. See Ayala v. Gerald J. Picaso, Inc., No. 01 Civ. 5971, 2002 WL 109538, at *1-2 (S.D.N.Y. Jan. 28, 2002) (stipulation of discontinuance with prejudice in state court is not preclusive of federal suit if the federal suit is pending at the time the parties agree to discontinue the state action and if both plaintiffs and defendants are aware that the plaintiff intends to continue pursuing the federal suit).

court is whether the relevant state's application of res judicata would consider the judgment preclusive.  See id. at 63.  In fact, a state court decision precludes even those federal claims that are based on new legal theories, if those same claims would be barred in state court.  See Saud v. Bank of New York, 929 F.2d 916, 919 (2d Cir. 1991); Harris, 2010 WL 605743, at *2.

The sole question here, then, is whether the Stipulation would be preclusive under New York law.[4]  This inquiry has two elements: first, whether the subsequent claims are sufficiently closely related to the original case that they fall within the ambit of res judicata, and second, whether the first suit has been brought to a "final conclusion."  See Schwartzreich v. E.P.C. Carting Co., Inc., 246 A.D.2d 439, 440-41, 668 N.Y.S.2d 370, 372 (1st Dep't 1998).

Under New York's transactional approach to res judicata, the final resolution of any claim precludes all other claims that may arise from that same transaction.  Id.  "Generally, a set of facts will be deemed a single 'transaction' for res judicata purposes if the facts are closely related in time, space, motivation, or origin, such that treating them as a unit would be convenient for trial and would conform to the parties' expectations."  Id. at 441,

---

[4] The defendant's assertion that Harris alone compels dismissal of this case is mistaken.  Harris simply reiterates the premise articulated in Kremer that a federal court must respect the finality of state court rulings.  The question of New York law posed by Harris was whether a stipulation precludes a subsequent federal action when the federal action is based on different legal theories than were asserted in state court.  Harris offers no guidance on the question raised here, namely, whether a federal court should give preclusive power to a stipulation when one party argues that the particular stipulation in question would be invalid in a state court.

668 N.Y.S.2d at 372 (citing Smith v. Russell Sage College, 54 N.Y.2d 185, 192-93, 445 N.Y.S.2d 68, 71 (1981)). "Even if there are variations in the facts alleged or different relief is sought, if the actions are grounded on the same gravamen of the wrong res judicata applies." Yeiser v. GMAC Mortgage Corp., 535 F. Supp. 2d 413, 422 (S.D.N.Y. 2008).

In the case at bar, Ms. Sheng pleads nearly identical facts –- often verbatim –- as she did in the Petition. The only noteworthy difference is that she includes a number of paragraphs detailing allegations that Time Warner intentionally sabotaged her performance. (Compl., ¶¶ 34-40). The fact that Ms. Sheng did not submit these accusations to the state court does not allow her to overcome res judicata as these facts clearly arise out of the same wrong of which she complained to the DHR. Further, she offers no explanation as to why she was unable to raise this allegations in her state proceedings. See Schulz v. Williams, 44 F.3d 48, 53 (2d Cir. 1994) ("Under New York law, parties are precluded from raising in a subsequent proceeding any claim they could have raised in a prior one, where all of the claims arise from the same underlying transaction."). Thus, the plaintiff's federal claims will be precluded if her state case reached a final conclusion.

Under normal circumstances, a stipulation of discontinuance with prejudice serves as a final determination of a claim under New York's application of res judicata, thus precluding consideration of all subsequent claims arising from the same transaction. Benjamin v. New York City Department of Health, 57 A.D.3d 403, 404,

8

870 N.Y.S.2d 290, 292 (1st Dep't 2008); Fifty CPW Tenants Corp. v. Epstein,16 A.D.3d 292, 294, 792 N.Y.S.2d 58, 60 (1st Dep't 2005); see also Harris, 2010 WL 605743, at *1.  Nevertheless, the plaintiff argues that the Stipulation is unenforceable under New York contract law and therefore would not have preclusive effect in New York courts.[5]  (Pl. Memo. at 5-6).

In deciding whether a stipulation is a valid contract, a federal court applies the law of the state in which the stipulation was made.  See Israel v. Carpenter, 120 F.3d 361, 362, 366 (2d Cir. 1997).  Under New York law, a court may only vacate a stipulation for "good cause sufficient to invalidate a contract."  Matthews v. Castro, 35 A.D.3d 403, 404, 830 N.Y.S.2d 154, 155 (1st Dep't 2006) (citing G & S Clam Bar v. Melillo, 302 A.D.2d 492, 492, 755 N.Y.S.2d 291, 291 (2d Dep't 2003)).  The plaintiff asserts two grounds for invalidating the Stipulation: mistake and vagueness.  (Sheng Decl., ¶ 4; Pl. Memo. at 5-6).

To nullify a stipulation on the basis of mistake, the party requesting vacatur must show "'that the contract was executed under mutual mistake or a unilateral mistake induced by the other party's fraudulent misrepresentation.'"  Moshe v. Town of Ramapo, 54 A.D.3d 1030, 1031, 864 N.Y.S.2d 569, 571 (2d Dep't 2008) (quoting (Yu Han Young v. Chiu, 49 A.D.3d 535, 536, 853 N.Y.S.2d 575, 576 (2d Dep't 2008)).  However, Ms. Sheng has not asserted any facts that would tend to show that Time Warner was mistaken as to the preclusive

---

[5] Ms. Sheng has filed a motion in New York State Supreme Court to vacate the Stipulation.  (Letter of Juan Y. Sheng dated March 31, 2010).

effect of a discontinuance with prejudice and therefore cannot assert mutual mistake.

To invalidate the Stipulation for unilateral mistake, the plaintiff must demonstrate that the defendant's counsel fraudulently induced her assent to it. See Moshe, 54 A.D.3d at 1031, 864 N.Y.S.2d at 571. Fraud in the inducement requires that the plaintiff prove, among other things, misrepresentation of a material fact by the defendant. See Dalessio v. Kressler, 6 A.D.3d 57, 61, N.Y.S.2d 434, 437 (2d Dep't 2004). Ms. Sheng asserts that defendant's counsel committed fraudulent misrepresentation by withholding their knowledge that the discontinuance would preclude future claims in federal court. (Sheng Decl., ¶ 4).[6] This allegation, even if true, is not sufficient to constitute fraud. A failure to disclose relevant information is fraudulent only if the withholding party has an affirmative duty to disclose. P.T. Bank Central Asia v. ABN AMRO Bank N.V., 301 A.D. 373, 376, 754

---

[6] Ms. Sheng's assertion is somewhat circumspect. She states, "I may have been defrauded by defendant's attorney's [sic] who misled the parties about its [sic] perception of the consequences of my discontinuing the state court action with prejudice. When the court asked them what the difference was between a discontinuance with prejudice and a discontinuance without prejudice, they failed to volunteer the information that they came forward with on their motion to dismiss. Defendant's attorneys are sneaky." (Sheng Decl., ¶ 4).

Because Ms. Sheng is proceeding pro se, I construe all pleadings liberally in her favor "'to raise the strongest arguments that they suggest.'" Green v. United States, 260 F.3d 78, 83 (2d Cir. 2001) (quoting Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996)). Therefore, I shall proceed as if her pleading explicitly asserts that the defendant's counsel knowingly failed to disclose relevant information during the state court proceeding with the intention of inducing her assent to the Stipulation.

10

N.Y.S.2d 245, 250 (1st Dep't 2003).  In this case, the defendant's attorneys had no duty to advise the plaintiff that her stipulation would foreclose future claims.  See Williams v. Sidley Austin Brown & Wood, L.L.P., 11 Misc. 3d 1064(A), 816 N.Y.S.2d 702 (Table), 2006 WL 684599, *5 (N.Y. Sup. Ct. March 15, 2006) (law firm lacked duty to disclose in light of lack of attorney-client relationship or any other contractual or fiduciary relationship).  It was the obligation of her own lawyer, not the defendant's, to inform Ms. Sheng of the effects of the Stipulation.  Because the defendant's attorneys had no duty to disclose to the plaintiff the impact of the Stipulation, any alleged withholding of this information is not fraudulent.  In the absence of mutual mistake or a fraudulent inducement, Ms. Sheng's misunderstanding regarding the impact of her agreement will not invalidate the Stipulation.  The plaintiff also asserts that New York contract law dictates that a stipulation of discontinuance cannot preclude future actions unless it includes explicit language waiving the right to do so.  But, in fact, the rule is the opposite; in order to bring future claims, a stipulation of discontinuance must include explicit language reserving that right. See Harris, 2010 WL 605743, at *1 (holding stipulation of discontinuance to be preclusive unless it "contained language that reserved [the plaintiff's] right to pursue related claims in the future or that otherwise limited the scope of the stipulation's preclusive effect"); Benjamin, 57 A.D.3d at 404, 870 N.Y.S.2d at 292 ("There being nothing ambiguous about the stipulation, matters extrinsic to it may not be considered" when

11

deciding its preclusive effects).

The parties to the instant case voluntarily stipulated to discontinue the Petition with prejudice. The plaintiff has not pled any basis for vacating the stipulation, so it remains in force. It would preclude in state court all claims arising out of the allegedly discriminatory employment practices by Time Warner against Ms. Sheng. As the federal courts are bound to respect the finality of this resolution in state court, the plaintiff's first three claims are precluded here.

### B. Pendent State Claims and Motion to Amend

Ms. Sheng's claim for breach of contract alleges violations of New York contract law, and the defendant has moved to dismiss this claim. There is no need, however, to reach the merits of this issue.

Where a federal court has dismissed all federal claims, it may dismiss pendent state claims at its discretion. 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine -- judicial economy, convenience, fairness, and comity -- will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350 n.7 (1988). In this case, there is no compelling reason to maintain the contract claim in federal court after the federal

questions have been dismissed.[7]

Because all pendent claims should be dismissed, it would be futile to allow the plaintiff to plead a new unjust enrichment claim. Accordingly, the motion for leave to amend should be denied. See Foman v. Davis, 371 U.S. 178, 182 (1962).

Conclusion

For the reasons discussed above, I recommend that the defendant's motion be granted, the federal claims be dismissed with prejudice, and the state claims be dismissed without prejudice. I also recommend that the plaintiff's motion to amend be denied. Pursuant to 28 U.S.C. 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court with extra copies delivered to the chambers of the Honorable Jed S. Rakoff, Room 1340, and to the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*/s/ James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

---

[7] Since the defendant does not raise the issue and it is not necessary in order to dispose of the claim, I also decline to reach the question of whether the contract claim is precluded by the same res judicata analysis that pretermits the Title VII and ADA claims.

13

Dated:     New York, New York
           June 29, 2010

Copies mailed this date:

Juan Y. Sheng
84-01 Main Street, Apt. 508
Briarwood, New York 11435

Kenneth A. Margolis, Esq.
Kauff McGuire & Margolis LLP
950 Third Avenue, 14th Floor
New York, New York 10022