UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------ x

JUAN Y. SHENG,

           Plaintiff,

       -v-

TIME WARNER CABLE OF NEW YORK CITY,
a Division of Time Warner
Entertainment, Co., LP, a Delaware
limited partnership,

           Defendant.
------------------------------------ x

USD' SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8-18-10

09 Civ. 10397 (JSR)

ORDER

JED S. RAKOFF, U.S.D.J.

On June 29, 2010, the Honorable James C. Francis, United
States Magistrate Judge, issued a Report and Recommendation
("Report") in the above-captioned matter recommending (1) that
plaintiff's claims arising under the Americans with Disabilities Act,
42 U.S.C. § 12101 et seq., and Title VII of the Civil Rights Act, 42
U.S.C. 2000e et seq., be dismissed on the basis of res judicata; (2)
that plaintiff's pendent state-law claims for breach of contract and
promissory estoppel be dismissed without prejudice; and (3) that
plaintiff's cross-motion for leave to amend the complaint to add a
claim for unjust enrichment be denied. On July 12, 2010, plaintiff
timely filed objections to this report, to which the defendant has
responded, and to which plaintiff further responded in turn on August
13, 2010.  Accordingly, the Court has reviewed the motions and the
underlying record de novo.

Having done so, the Court finds itself in complete agreement
with Judge Francis's excellent Report and hereby adopts its reasoning
by reference.  That Report concludes, among other things, that the

federal claims asserted by pro se plaintiff Juan Sheng in this
employment discrimination lawsuit are precluded by a stipulation of
discontinuance with prejudice previously entered into by Sheng (who,
at the time, was represented by counsel) with respect to a prior
state court action arising from substantially identical allegations
of discriminatory employment practices.[1]  Thereafter, Sheng filed a
motion in New York State Supreme Court to vacate this stipulation;
that motion was pending at the time the Report was issued.  See
Report at 9 n.5.  In her objections to the Report, Sheng requests a
stay of the instant action pending the resolution of her motion to
vacate the stipulation. However, on July 19, 2010, the New York
Supreme Court filed an order denying that motion, reasoning that a
party's mistaken belief as to the legal effect of a stipulation is
not a ground for setting that stipulation aside.  See Decl. of
Kristina C. Hammond, 8/12/10 ("Hammond Decl."), Ex. 7, at 2.  The
facts that Sheng has filed a notice of appeal of the Supreme Court's
order denying her motion to vacate the stipulation, see Hammond
Decl., ¶ 10, and that Sheng appears to have moved to reargue the
motion before that court, see Letter from Juan Y. Sheng dated
7/22/10, at 2, do not affect the preclusive force of the stipulation.
See, e.g., Matter of Amica Mut. Ins. Co., 85 A.D.2d 727, 728 (2d
Dep't 1981).  The state order, moreover, is fully consistent with

---

[1] All the documents relied on by Judge Francis and this
Court are "matters of public record" that a court may consider in
ruling on a motion to dismiss.  Pani v. Empire Blue Cross Blue
Shield, 152 F.3d 67, 75 (2d Cir. 1998).

Judge Francis's recommendation, which this Court adopts, that the stipulation be given preclusive effect.

The Court has considered Sheng's remaining objections, which it finds to be without merit. Accordingly, for the foregoing reasons and for the reasons stated in the Report, the Court hereby dismisses Sheng's federal claims on the basis of res judicata, dismisses Sheng's state claims without prejudice, and denies Sheng's motion to amend.

The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: New York, NY
       August 17, 2010

JED S. RAKOFF, U.S.D.J.

3